UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| YANA EDQUIST, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 15-13262-LTS |
| | ) | |
| v. | ) | |
| | ) | |
| JACKSON NATIONAL LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

November 18, 2015

SOROKIN, J.

Plaintiff Yana Edquist filed the operative Amended Complaint in this action on October 19, 2015.  Doc. No. 11.  On November 2, 2015, Defendant Jackson National Life Insurance Company filed a motion to dismiss.  Doc. No. 13.  Under the Local Rules, the plaintiff had fourteen days to oppose the defendant's motion to dismiss, L.R. 7.1(b)(2), making her opposition due on November 16, 2015.  To date, plaintiff has made no filing opposing the motion or requesting an extension of time to oppose the motion.

The Court now Orders the plaintiff to respond to the defendant's motion to dismiss by November 30, 2015.  Should the plaintiff fail to file a response to the motion to dismiss by that date, she faces dismissal of her claims due to failure to prosecute and failure to obey this Court Order.

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute" is well-established and "is necessary in order to prevent undue delays

1

in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); see Fed. R. Civ. P. 16(f), 41(b); Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 45 (1st Cir. 2002). "[A] litigant who ignores case-management deadlines does so at his peril." Tower Ventures, 296 F.3d at 45-46 (quoting Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998)). "Although dismissal ordinarily should be employed only when a plaintiff's misconduct is extreme, . . . disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)[.]" Id. at 46 (internal citation omitted) (citing Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987)).

Accordingly, it is hereby ORDERED that by the close of business on November 30, 2015, plaintiff shall respond to the motion to dismiss. Failure to respond to the motion to dismiss may be grounds for dismissal for failure to prosecute.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge