UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YANA EDQUIST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 15-13262-LTS |
| ) | |
| JACKSON NATIONAL LIFE INS. CO., ) | |
| ) | |
| Defendant. ) | |
| ) | |

ORDER ON MOTION TO WITHDRAW

August 23, 2016

SOROKIN, J.

On June 21, 2016, the Court allowed Defendant's motion to dismiss Plaintiff's individual claims and set a hearing on Defendant's motion for sanctions. Doc. 29. At the hearing, on July 15, 2016, the Court (1) stated that the present case, like the last one Plaintiff filed against Defendant, came close to being frivolous and meriting sanctions; (2) denied Defendant's motion; (3) stated that if Plaintiff and her counsel brought a third vexatious case, the Court would be more willing to impose sanctions; (4) confirmed, yet again, that Plaintiff may withdraw from the annuity contract she complains about, and have Defendant return her investment funds (minus a withdrawal fee), if she completes a simple withdrawal form that Defendant first provided to her in July 2014; and (5) explained that if, after properly submitting the form, Defendant did not return Plaintiff's investment funds within a reasonable period of time, Plaintiff would have a new non-frivolous legal claim. See Doc. 33. On July 19, 2016, the Court dismissed and closed this case. Doc. 34.

On August 15, 2016, Plaintiff filed a *pro se* notice of appeal.  Doc. 35.  On the same date, Plaintiff's counsel filed a motion to withdraw ("Motion"), stating that Plaintiff requested his withdrawal and was "fully capable of pursuing her appeal" *pro se*.  Doc. 37.  Defendant opposes the Motion.  Doc. 41.  Plaintiff filed a motion for leave to file a response to the opposition, Doc. 45, which is ALLOWED.

Plaintiff and Defendant both suggest that the Court threatened to sanction Plaintiff and any counsel for Plaintiff if she appealed the dismissal of this case.  See Doc. 41 at 2 (referring to "the Court's clear warning – delivered to both Ms. Edquist and her counsel at the July 15, 2016 hearing on Jackson's motion for sanctions – about further litigation of this matter"); Doc. 45 at 3-4 (stating that Plaintiff would prefer to be represented on appeal, but "felt personally threatened by the comments of the Court at the July 15, 2016 hearing").  The Court has reviewed a rough transcript of the July 15, 2016, hearing and sees no indication that it threatened Plaintiff with sanctions if she appealed; rather, the Court only threatened sanctions if Plaintiff filed a third vexatious case.  Whether Plaintiff is subject to any sanctions for appealing is for the Court of Appeals, not this Court, to decide.

To the extent that counsel seeks to withdraw from representation in this Court, the Motion is DENIED.  To the extent that counsel seeks to withdraw from representation in the Court of Appeals, such request should be addressed to the Court of Appeals.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge